*Geo. B. Okey* and *F. A. Davis*, for plaintiff.

*James M. Butler*, for defendants.

---

## CONTROL OF MUNICIPALITY OVER BRIDGES.

[Circuit Court of Lucas County.]

HARVEY P. PLATT v. THE CITY OF TOLEDO.

Decided, February 27, 1905.

*Municipal Corporations—Ordinance Controlling Use of Bridges—Section 2640—And the Powers Therein Granted.*

An ordinance requiring all drivers in passing over bridges within the municipality to keep on the right-hand side, and prohibiting passing around another vehicle going in the same direction while on the bridge, is a valid exercise of the power conferred upon council by Section 2640.

HULL, J.; HAYNES, J., and PARKER, J., concur.

Mr. Platt was prosecuted in the police court of this city for the violation of an ordinance passed for the purpose of regulating and controlling the bridges of the city, the manner of

using them and driving over them.   Mr. Platt was arrested for the violating of this ordinance in the manner in which he drove over the Cherry street bridge, which extends across the Maumee river.   The ordinance prohibited driving over bridges, including the Cherry street bridge, on the left hand side, but required all drivers to keep to the right hand side, and also prohibited any one driving upon the bridge from going by or passing another person driving in the same direction.   Mr. Platt, in the affidavit, was charged with having violated these two provisions of the ordinance, to-wit, that he had passed over the bridge on the left hand side and that he passed by others going in the same direction.   He was tried before Judge Wachenheimer, in the police court, found guilty and fined five dollars and costs.   A bill of exceptions was taken from the police court to the court of common pleas, where the judgment of the police court was affirmed.   Then error was prosecuted to this court.

The plaintiff in error contends that the city had no power to pass such an ordinance.   The case seems to have been argued below mainly upon the power granted the city under Section 1692, Subdivisions X and XIII, relative to the control that is given to municipal corporations over vehicles for hire.   This has been changed to some extent in the new code so as to cover vehicles not for hire, but this transaction occurred before the new code was enacted.   In this court it was argued by defendant in error that the city had this power under Section 2640, which provides that:

"The council shall have the care, supervision and control of all public highways, streets, avenues, alleys, sidewalks, public grounds and bridges within the corporation, and shall cause the same to be kept open and in repair and free from nuisance."

It will be observed that this statute commits to the municipality the care, supervision and control of all bridges within the corporation.   It seems to us that that carries with it the power to pass all necessary ordinances looking toward the care, supervision and control of bridges.   The city would be powerless to supervise and control bridges without the passage of ordinances, with that end in view.   It is not necessary to give

a definition of the word "control"; the best definition of "control" is the word itself: it means the control in the care of bridges in all reasonable ways. This statute gives to the city the supervision, also as well as the control, of the bridges and highways and their care. It evidently means that the city shall have power to do all that is necessary to control and supervise the bridges and the use of them, and as long as it exercises that power in a reasonable manner it is within this statute, and we think that an ordinance directing the manner in which drivers of teams shall pass over public bridges, is a reasonable exercise of this power. It is necessary for good order in the use of bridges of this character in a city of this size, where thousands of people are passing over them daily, as in this instance—it is necessary that there should be some provision as to the way in which drivers shall pass over the bridge. One of the most important things is to require all those coming from one direction to pass on one side and those coming in the other direction to pass on the other side, to avoid collisions, disorder and injury, perhaps to life.

The evidence in the bill of exceptions shows that when Mr. Platt came up to the bridge the right hand side of it was full of vehicles, with none on the other side, the draw being open, and, instead of taking his position in the procession, he passed over and across the street railway track which lies in the center to the left hand side and drove up to the open draw so that he was the first one to go over the draw when it was closed. There is no material dispute as to the facts, and in doing thus he did pass other teams on the bridge, which is prohibited by the ordinance. He drove alongside of them as they were standing still. The ordinance is not claimed to be unreasonable, but it is attacked on the ground that the city had no power to pass it. We are not required to determine whether the city has power to prohibit any one from going past another person driving in the same direction on the bridge. We might conceive of cases where this might seem unreasonable; for instance, to prohibit a man with a light buggy passing a wagon with a load of hay on it, but it is not necessary to consider that. The provision of the ordinance requiring drivers to always take the right

hand side Mr. Platt violated, and it is clearly reasonable and proper, and, for a bridge like this, we may say a necessary regulation. It may be true, as claimed by counsel for plaintiff in error, that the city did not have power to pass such an ordinance as this under the old code—Section 1692, Subdivisions X and XIII, which relate to vehicles used for hire—but the power to pass it under Section 2640 is clear. We cite as sustaining our holding in this case 11 O. S., 550, *White* v. *Columbus*. The judgments of the lower courts are affirmed.

*W. H. A. Read,* for plaintiff in error.

*U. G. Denman,* City Solicitor, and *F. E. Crane,* Assistant City Solicitor, for defendant in error.